THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION (LEXINGTON DOCKET)
Case No. _____

Darlene Jackson
79 Nepton Road
Ewing, KY 41039

                Plaintiff,

– against–

Capital One Bank (USA), National Association
1680 Capital 1 Drive
McLean VA 22102

AND

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

                Defendant(s).

Judge:

Magistrate Judge:

**COMPLAINT AND JURY DEMAND**

## COMPLAINT

Plaintiff, Darlene Jackson (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC., by way of Complaint against Defendants, Capital One Bank (USA), National Association ("Capital One") and Equifax Information Services, LLC ("Equifax") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely

1

and inaccurately reporting consumers' credit information to credit reporting agencies ("CRAs").

## PARTIES

2. Plaintiff, Darlene Jackson, is an adult citizen of Kentucky, presently residing in Fleming County, Kentucky.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Capital One is a corporation business entity organized and existing under the laws of Virginia that furnishes consumer credit information to consumer reporting agencies. Defendant Capital One is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant Equifax is a limited liability company, organized under the laws of Georgia, and doing business throughout the country and in the Commonwealth of Kentucky. Defendant Equifax is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Equifax is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) and (b(3). Further, venue in this district is proper pursuant to Joint Local Rules of Civil Practice, LR 3.2(d) because a substantial part of the events or omissions giving rise to the claim occurred, in Fleming County, Kentucky.

## FACTUAL ALLEGATIONS

8. Defendant Capital One issued a credit card account ending in 8140 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about January 27, 2017, Plaintiff and Fenton & McGarvey Law Firm, P.S.C., on behalf of Capital One, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make twelve (12) payments totaling $1,350.00 to settle and close her account.

12. Plaintiff, via her debt settlement representative timely made the requisite settlement payments.

13. However, over a year later, Plaintiff's Capital One account continued to be negatively reported.

14. In particular, on a requested credit report dated March 13, 2019, Plaintiff's Capital One account was reported with a status of "CHARGE OFF," a balance of $457.00 and a past due balance of $457.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit B</u>.

15. This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about June 5, 2019, Plaintiff, via her attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Capital One account. A redacted copy of this letter and the corresponding certified mail receipts are attached hereto as <u>Exhibit C</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Capital One to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In July 2019, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Capital One account remained inaccurate, with a balance of $457.00 and a past due balance of $457.00 as Defendants failed to correct the inaccuracy. The relevant portion of the July 2019 credit report is attached hereto as <u>Exhibit D</u>.

19. Equifax did not notify Capital One of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Capital One and Capital One failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

20. If Capital One had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Capital One account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that Capital One has promised through its subscriber agreements or contracts to accurately update accounts, Capital One has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Capital One is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Capital One is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Capital One failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Capital One failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

/s/ Sheilah Galvez Kurtz
Sheilah Galvez Kurtz, Esq.
KBA No. 92677

Mailing Address for Service
1009 Twilight Trail, Suite 108
Frankfort, KY 40601
Tel: (502) 352-2401
Fax: (502) 352-2401
Email: skurtz@iglou.com

Main Office
11 Broadway, Suite 960
New York, NY 10004
Local Tel: (212) 226-5081
Toll Free: (866) 249-1137
Fax: (212) 208-2591